**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 24 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL EUGENE WYATT,

Petitioner-Appellant,

v.

JOHN SUTTON,

Respondent-Appellee.

No. 20-15203

D.C. No. 4:18-cv-06588-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Submitted December 11, 2020[**]
San Francisco, California

Before: W. FLETCHER, IKUTA, and VANDYKE, Circuit Judges.

Petitioner Michael Wyatt appeals the district court's denial of his habeas

petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and

2253, and we review the district court's decision de novo. *Boyer v. Belleque*, 659

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 957, 964 (9th Cir. 2011).  We affirm.[1]

Wyatt's contention that the state court unreasonably applied *Jackson v. Virginia*, 443 U.S. 307, 326 (1979), or reached an unreasonable determination of the facts, cannot overcome the double deference we afford to insufficient evidence claims on habeas review of state court convictions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214.  *See Johnson v. Montgomery*, 899 F.3d 1052, 1056–57 (9th Cir. 2018) ("In addition to *Jackson*'s already deferential standard ….  we must conclude that the state court's determination that a rational jury could have found each required element proven beyond a reasonable doubt was not just wrong but was objectively unreasonable."); *Coleman v. Johnson*, 566 U.S. 650, 656 (2012) ("[T]he only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality.").  If the record supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326.

On habeas review of *Jackson* claims, "we … look to state law only to establish the elements of the crime and then turn to the federal question of whether the state court was objectively unreasonable in concluding that sufficient evidence supported

---

[1] Because the parties are familiar with the facts, we recite them here only as necessary.

its decision." *Johnson*, 899 F.3d at 1056 (cleaned up) (citation omitted). In California, a defendant commits first-degree murder if the killing was willful, premeditated, and deliberate. *See* Cal. Penal Code § 189; *People v. Sandoval*, 363 P.3d 41, 64 (Cal. 2015). Specifically, "'[d]eliberation' refers to careful weighing of considerations in forming a course of action; 'premeditation' means thought over in advance." *Sandoval*, 363 P.3d at 64 (quoting *People v. Koontz*, 46 P.3d 335, 361 (Cal. 2002)). California courts generally look to three non-exhaustive factors as guidelines in determining premeditation and deliberation: planning, motive, and manner of killing. *Sandoval*, 363 P.3d at 65.

Here, the state court reasonably determined that Wyatt's first-degree murder conviction is supported by sufficient evidence. With respect to preexisting motive, it was not unreasonable for the jury to conclude that Wyatt's increasingly violent attempts to quiet his unarmed, mentally handicapped roommate James Nobles evinced a motive to accomplish what Wyatt had previously and repeatedly asked for: peace and quiet free from Nobles's "nagging." *See People v. Boatman*, 221 Cal. App. 4th 1253, 1268 (2013). With respect to the manner of killing, a jury could have reasonably determined that Wyatt considered his previous unsuccessful attempts at quieting Nobles and, instead of continuing to punch Nobles or throw objects at him, deliberately resorted to killing him by stabbing him in the chest to silence him. Wyatt's decision to grab, and then plunge, a knife into Nobles's chest, multiple

3

times, could also reasonably reveal "a method sufficiently 'particular and exacting' to warrant an inference that [Wyatt] was acting according to a preconceived design" of quieting his roommate once and for all. *People v. Thomas*, 828 P.2d 101, 115 (Cal. 1992); *see also People v. Anderson*, 447 P.2d 942, 949 (Cal. 1968) (surveying state law and noting that "directly plunging a lethal weapon into the chest evidences a deliberate intention to kill"). The jury could also have reasonably concluded that Wyatt's additional actions—not immediately seeking aid after he stabbed Nobles, waiting twelve hours with Nobles's corpse before dumping the body at a time least likely to be seen, and lying to others (including the police)—all further evince that Wyatt's conduct was not merely the product of rash impulse. *Cf. Boatman*, 221 Cal. App. 4th at 1269 ("Defendant's actions immediately afterward—directing Brenton to call 911 and attempting to resuscitate Marth and seek medical aid—are not the actions of an executioner."). Likewise, it would be reasonable for the jury to infer that Wyatt's previous murder of a friend after an altercation also supported the conclusion that he carefully weighed the considerations of stabbing Nobles in advance of doing so. *See People v. Steele*, 47 P.3d 225, 234 (Cal. 2002) ("[T]he more often one kills, especially under similar circumstances, the more reasonable the inference the killing was intended and premeditated.").

While Wyatt contends that "[a]ll that was proven here was a 'mere unconsidered or rash impulse' that led to a spontaneous and frenzied lashing out with

4

a knife," the controlling question under AEDPA's double deference standard is whether the state court's different conclusion was objectively unreasonable. *Johnson*, 899 F.3d at 1056–57. As discussed above, it was not. And Wyatt's argument that state law precludes the jury's inferences and conclusions fails because "the minimum amount of evidence … require[d] to prove the offense is purely a matter of federal law," not state law. *Coleman*, 566 U.S. at 655.

The state court's decision was a reasonable application of the law and based on a reasonable determination of the facts, and therefore the district court properly denied Wyatt's federal habeas petition. *See Moses v. Payne*, 555 F.3d 742, 751 (9th Cir. 2009); 28 U.S.C. § 2254(d).

**AFFIRMED.**